IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MARK DARRELL RIDGEWAY,            )<br>                                                        )<br>                    Plaintiff,      )<br>                                                        )<br>v.                                              )<br>                                                        )<br>ROBERT DALY, ERIC BOGGS,      )<br>MS. HEMPHILL,                              )<br>                                                        )<br>                    Defendants.   )<br>_____)  | CIVIL ACTION NO. 0:05-1549-HFF-BM<br><br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who is presently incarcerated at the Washington State Prison in Davesboro, Georgia, alleges violations of his constitutional rights while he was an inmate at the Anderson County Detention Center (ACDC). The named Defendants are all employees of the ACDC.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 14, 2005. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on November 15, 2005, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a response to the motion for summary judgment on



1

December 19, 2005.

After review of the materials filed with the Court, an order was issued on May 12, 2006 requiring the Defendants to submit additional information concerning the Detention Center's work policy. This additional information was received June 7, 2006, and the Plaintiff filed a supplemental brief responding to this material on June 14, 2006. Defendants' motion is now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that he was sentenced to a one year prison term for failure to pay child support, and that "[d]uring Dec. 04 learned I had a hold on me. From Florida unable to work on outside crews." Plaintiff alleges he got moved to "C-Pod", from where he wrote grievances to the Defendant Boggs asking for a job so he could receive work credits. Plaintiff alleges he also wrote to the Defendants Hemphill and Daly, but that several of his grievances were never returned.

Plaintiff also alleges that he worked with another inmate, "Tarrence Brown", three days a week doing laundry, "a job I worked at with him." Plaintiff alleges that another inmate, Jeffery Shaw, received work credits even though he did not work because he did not leave C-Pod, while another inmate, Anthony Hutchens, had a ninety day sentence maxed out in forty-five days

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



even though he never worked and never left C-Pod. Plaintiff identifies two other inmates; Paul Fisher, who even though he had a hold on him worked outside of C-Pod and received work credits, and Jerry Sims, who worked outside of C-Pod and got work credits even though he assaulted a police officer and was caught stealing.

Plaintiff alleges that he felt as though he was getting the "run around" because Boggs kept telling him that a decision (whether or not he could work) was up to Hemphill. Plaintiff says he believes he was discriminated against since other inmates were allowed to work and receive work credits. Plaintiff seeks monetary compensation "for the work credit time which is 2 months," as well as a copy of the ACDC Handbook and Rules. Plaintiff has attached copies of several of his grievances to his Complaint. See generally, Plaintiff's Verified Complaint, with Attachments.

In support of summary judgment in the case, the Defendant Daly has submitted an affidavit wherein he attests that he is the Director of the ACDC, where Plaintiff was incarcerated from November 24, 2004 until July 24, 2005 while serving a one year sentence for contempt from family court. Daly attests that Plaintiff completed his sentence on July 24, 2005 due to credit for good behavior. Daly further attests that on November 29, 2004, the ACDC received a Florida warrant for the Plaintiff charging him with grand theft auto, and that on December 6, 2004 Plaintiff was brought before a court where he signed a waiver of extradition to return to Florida. Daly has attached a copy of that waiver to his affidavit as Exhibit A. Daly attest that, once Plaintiff's sentence expired, he was returned to Florida by Florida agents.

Daly attests that Plaintiff was not eligible for the Detention Center's work program, since this program is reserved for sentenced inmates who have low security classifications and who have no unresolved criminal cases. Daly attests that none of the inmates who participated in the work

3



program are fugitives or have unresolved criminal charges, and that because of the pending Florida charges, Plaintiff did not qualify for the work program, although Plaintiff was able to have his sentence reduced for good behavior.

Daly attests that he was aware that Plaintiff claimed to have assisted a trusty, Terrance Brown, with laundry three days a week, and that Brown had advised him [Daly] that Plaintiff would walk around the housing area with him as he performed his duties. Daly attests that Plaintiff was apparently trying to convert that voluntarily activity into an authorized work program for which he was not assigned and not eligible. See generally, Daly Affidavit, with attached Exhibit.

In his "answer" to the Defendants' motion for summary judgment, Plaintiff argues that the Defendants did not follow the Policy and Procedure Manual of the ACDC "by not treating or housing all Class 2 or Level 2 inmates in the same area, or being allowed to earn "good time" or "work credits". No additional affidavits or exhibits were provided, however.

Finally, as part of Defendants' supplemental response, the Defendant Daly submitted an affidavit in which he explained the Detention Center's work policy. Daly attests that inmates who have unresolved criminal charges or who have additional charges lodged against them are not acceptable for "workside" assignments until the new charges are resolved or a new classification determination is made that they can remain on workside. Daly attests that these inmates are a poor risk because they have an added incentive to escape. See Daly Supplemental Affidavit, with attached Exhibits.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers

4



to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.   Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful consideration of the arguments and evidence presented, the undersigned finds and concludes that Plaintiff has failed to submit sufficient evidence to give rise to a genuine issue of fact as to whether his constitutional rights were violated, and that the Defendants' motion for summary judgment should therefore be granted.

Since Plaintiff has now been transferred and is no longer a resident at the ACDC, his request for declaratory and/or injunctive relief as set forth in his Complaint is now moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylors v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief]. While Plaintiff's damage claims survive his transfer to another institution; Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976); even with respect to Plaintiff's request for monetary damages, he has

5



failed to set forth a viable claim.

First, prisoners have no property interest in work release programs or job assignments, and therefore the Defendants did not violate Plaintiff's constitutional rights by denying him a prison job. Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) [No constitutional property interest in prison employment]; Adams v. James, 784 F.2d 1077-1079 (11th Cir. 1986) [same]; O'Barr v. Pinion, 953 F.2d 74, 85-86 (4th Cir. 1991) [removing inmate from work release program did not violate his constitutional rights]. See, e.g., Bulgur v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) [federal prisoner]; Dupont v. Sanders, 800 F.2d 8, 10 (1st Cir. 1986) [state prisoner]. Assignments of work to prisoners is a matter of prison administration, within the discretion of prison administrators, and inmates do not have a liberty interest derived from the due process clause, nor do they have a property interest, in a specific job or any job at all while incarcerated. Watts v. Morgan, 572 F.Supp. 1385, 1388 (N.D.Ill. 1983); James v. Quinlan, 866 F.2d 627 (3rd Cir. 1989).

Plaintiff's claim that his right to equal protection was violated is similarly without merit. See generally, Andrews v. Fowler, 98 F.3d 1069, 1079-1080 (8th Cir. 1996); Lee-Patterson v. N.J. Transit Bus Operations, Inc., 957 F.Supp. 1391, 1403 (D.N.J. 1997); Koch v. Mirza, 869 F.Supp. 1031, 1038 (W.D.N.Y. 1994). Plaintiff's assertion that he was denied equal protection because other inmates were allowed to work while he was not does not in and of itself set forth a viable cause of action, as such a comparison or allegation does not establish a "suspect class" for purposes of an equal protection claim. Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir. 2001) ["To establish an equal protection claim, a prisoner must establish that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was

6



based on some constitutionally protected interest such as race."]. Further, during the time period at issue, Plaintiff was serving only a short term sentence in a county jail, and Daly in his supplemental affidavit sets forth a rational basis for the policy at issue. The undersigned does not find any constitutional violation in the ACDC's policy to restrict work assignments to jail inmates who do not have pending charges and are not high security risks. Brown v. Zavaras, 63 F.3d 967, 970 (10th Cir. 1995) [applying a rational basis standard to the treatment of a prisoner and stating that "[w]hen the Plaintiff is not a member of a protected class and does not assert a fundamental right, we determine only whether government classifications have a rational basis."]; Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002) [Jail policies presumed to be valid and will be sustained "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose."], quoting Heller v. Doe, 509 U.S. 312, 319-320 (1993).

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

June   19, 2006



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

8

